UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------

ANOTHY B. HALL,

                              Petitioner,                05 Civ. 01981 (RJH) (RLE)

         -against-                         **MEMORANDUM OPINION AND ORDER**

WILLIAM PHILLIPS,

                              Respondent.

------------------------------------------------

Richard J. Holwell, District Judge:

      Magistrate Judge Ronald L. Ellis has issued a Report and Recommendation ("Report") recommending that the Court dismiss this petition for a writ of habeas corpus of petitioner Anthony B. Hall with prejudice. Hall subsequently mailed his objections to the Report. The Court adopts the Report's results in full. Hall's petition is denied is denied with prejudice.

## BACKGROUND

      The Court briefly recounts the facts of the case but assumes familiarity with the background and relevant procedural history as set forth in Judge Ellis's Report.

      On August 28, 1997, Jabbar Edmund was shot and killed at close range on a basketball court in the Bronx. Hall was arrested in South Carolina for the crime on September 9, 1997. After being administered *Miranda* warnings, Hall gave an initial statement describing the shooting and admitting that he had shot Edmund after Edmund had spoken with his girlfriend. Later, Hall gave a videotaped statement to an Assistant

1

District Attorney that repeated his earlier admissions but added that Hall had first waved the gun at Edmund and had fired only to scare him.

On October 7, 1997, Hall was indicted in New York for second-degree murder, first-degree manslaughter, and criminal possession of a weapon. On September 27, 1999, the New York Supreme Court, after conducting a full *Huntley/Mapp* suppression hearing, denied Hall's motion to suppress evidence. A jury convicted Hall on November 9, 1999, of second-degree (depraved indifference) murder. Hall then filed a *pro se* motion pursuant to N.Y. Crim. Proc. Law § 330.30 to set aside his conviction on the grounds that (1) his arrest was based on an invalid warrant and his subsequent statements were therefore improperly obtained; (2) he was coerced into confessing to the police; and (3) he did not receive a fair trial for various reasons, including ineffective assistance of trial counsel. In March 2000, Hall filed a *pro se* motion to vacate the judgment pursuant to N.Y. Crim. Proc. Law § 440.10 on the grounds that (1) the prosecutor presented false evidence; and (2) the prosecutor withheld exculpatory information. This motion was denied in December 2000. In January 2003, Hall filed a direct appeal through appointed counsel from the Legal Aid Society that alleged (1) that Hall had been deprived of the right to a fair trial; (2) that insufficient evidence existed to convict Hall for depraved indifference murder; and (3) that Hall's sentence was improper and excessive. The Appellate Division, First Department affirmed Hall's sentence on October 2, 2003 in *People v. Hall*, 309 A.D.2d 511 (N.Y. App. Div. 2003). In April 2004, Hall moved for a writ of error *coram nobis* alleging the ineffective assistance of his appellate counsel, but that writ was denied in *People v. Hall*, 9 A.D.3d 918 (N.Y. App. Div. 2004). Hall then

filed a timely petition for a writ of habeas corpus on March 4, 2005; and Judge Ellis thereafter issued the Report recommending that the petition be denied.

## DISCUSSION

The district court adopts a Magistrate Judge's Report and Recommendation when no clear error appears on the face of the record. *See Nelson v. Smith*, 618 F. Supp. 1186, 1189 (S.D.N.Y. 1985). However, the court is required to make a *de novo* determination of those portions to which a specific objection is made, 28 U.S.C. § 636(b)(1)(C), by reviewing "the Report, the record, applicable legal authorities, along with Plaintiff's and Defendant's objections and replies." *Bandhan v. Laboratory Corp. of America*, 234 F. Supp. 2d 313, 316 (S.D.N.Y. 2002). The court may then accept, reject, or modify in whole or in part recommendations of the Magistrate Judge. *Watkins v. Artus*, No. 08 Civ. 5891, 2010 WL 5060883, at *1 (S.D.N.Y. Dec. 8, 2010). However, "when a party makes only conclusory or general objections, or simply reiterates his original arguments, the Court reviews the Report and Recommendation only for clear error." *Walker v. Vaughan*, 216 F. Supp. 2d 290, 292 (S.D.N.Y. 2002); *see also Davila v. Bradt*, No. 08 Civ. 3227, 2011 WL 611881 at *1 (S.D.N.Y. Feb. 17, 2011) ("[N]o party [will] be allowed a second bite at the apple by simply relitigating a prior argument.").

Hall makes three specific objections to the Report: (1) that Judge Ellis improperly found certain claims unexhausted because Judge Ellis considered each challenge to his conviction separately rather than under the umbrella of his ineffective assistance of counsel claim, which he argues was properly exhausted; (2) that Judge Ellis improperly considered his Fourth Amendment claim on its merits rather than considering it as an

3

aspect of his ineffective assistance of counsel claim; and (3) that there was not sufficient evidence to convict him of second degree murder.

**First Objection: Scope and/or Exhaustion of Ineffective Assistance Claim**

Hall's first objection is that Judge Ellis should not have found certain—but not all—of Hall's claims unexhausted or procedurally defaulted because Hall only meant to assert ineffective assistance of counsel claims—which Hall argues were not procedurally defaulted—under which different aspects of Hall's counsel's ineffectiveness were highlighted. (Pet'r's Objection at 1.) Hall also objects to Judge Ellis not considering any of his failures to exhaust or otherwise procedurally defaulting on claims as themselves part of his ineffective assistance claim. (*Id*.)

As a preliminary matter, Hall's habeas petition quite clearly sets forth six grounds for challenging his conviction, only one of which is that "[t]he Petitioner was denied Effectual Assistance of Counsel during Trial." (*See* Petition Ex. C at 1 ¶ 4.) In addition, Hall specifically "ask[ed] the Court to address," in its review of the petition, "all five[1] of the grounds raised" in the petition. (Petition at 4; *see also* Petition Ex. D at 1 ("The Petitioner humbly request[s] that the Court please view each Ground separately ([a]llowing each to stand on its own Island).").) However, even if (A) Hall meant to include "anything . . . raised inappropriately by trial counsel [as] being challenged . . . as evidence to his Ineffective Assistance" claim, (Pet'r's Objection at 1), or (B) Hall meant to include in that claim trial counsel's "fail[ure] to preserve any issue," (*id*.), Hall's objection would still lack merit since his ineffective assistance of counsel claim was

---

[1] Though Hall requests the reviewing court to address "all five of the grounds raised," (Petition at 4), he goes on to list six specific grounds. (Petition Ex. C at 1-2.)

4

unexhausted. In other words, Judge Ellis either properly considered the exhaustion or lack thereof of each claim individually, or should have lumped all those claims under the umbrella of Hall's ineffective assistance of counsel claim; but even if Hall is correct about the latter, the claims must still be dismissed because Hall's ineffective assistance claim was not properly exhausted.

### Procedural Bar

Judge Ellis found Hall's ineffective assistance of counsel claim procedurally defaulted; the claim was deemed exhausted because of a state procedural bar and Hall made no showing of cause for the default or of prejudice from that default. (Report at 8-10.) Under Section 2254 of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), a federal court reviewing a habeas petition must confront the threshold issue of whether the petitioner has fully exhausted his state remedies. If not, the court cannot grant habeas relief. 28 U.S.C. § 2254(b)(1); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999). The reviewing court must first consider whether state remedies remain available; if they do not, then the relevant claims are deemed exhausted, "regardless of the reason for the[] unavailability." *Woodford v. Ngo*, 548 U.S. 81, 92-93 (2006). Second, the court must consider whether the remedies were *properly* exhausted; i.e. that the petitioner has presented the relevant claims to the highest state court. *Galdamez v. Keane*, 394 F.3d 68, 73 (2d Cir. 2005). Alternatively, if the claim has not been presented to the highest court but state procedural rules prevent further state review, the claim is said to be "procedurally defaulted," *id*., and may be considered only when the petitioner proves either (A) cause for the default and actual prejudice from the alleged constitutional

5

violation; or (B) that declining habeas review would result in a "fundamental miscarriage of justice." *Spence v. Superintendent, Great Meadow Correctional Facility*, 219 F.3d 162, 170 (2d Cir. 2000).

Hall raised a claim for ineffective assistance of trial counsel in his motion to set aside the judgment under N.Y. Crim. Proc. Law § 330.30. (*See* Resp't's Aff. in Opp'n Ex. 3 at 6.) The New York Supreme Court denied the claim, however, as "meritless." (Resp't's Aff. in Opp'n Ex. 5, at 3.) After reviewing the record, the court found that trial counsel

> was exceptionally competent and professional. It was quite obvious to the Court that [counsel] was intimately knowledgeable about the case and had thoroughly plotted out the defense strategy. He made vigorous arguments and objections at the pre-trial hearings as well as at trial. In addition, his defense of the defendant was part of a well-thought out strategy, as revealed by his cross-examination of the People's witnesses and his summation to the jury. In sum, the record reveals that [counsel] provided the defendant with meaningful representation.

(*Id.*) As to the defendant's claims outside the record—"e.g., that [counsel] failed to raise certain arguments, present certain evidence and subpoena certain people who would have exculpated him"—the court found that "such matters are not subject to review in a motion pursuant to [N.Y. Crim. Proc. Law § 330.30]." (*Id.* at 4.)

Hall did not raise any effective assistance of counsel claim on direct appeal. (*See* Resp't's Aff. in Opp'n Ex. 9 at 1-2.) Nor did he raise it in his collateral motion to vacate the judgment pursuant to N.Y. Crim. Prac. Law § 440.10; indeed, he emphasized that "ineffective assistance of counsel is *not* a ground being raised in this motion." (Resp't's Aff. in Opp'n Ex. 6 at 6 (emphasis in original).) In his *coram nobis* petition before the First Department, Hall argued that his appellate counsel was ineffective in not raising a claim for ineffective assistance of trial counsel on direct appeal. (*See* Resp't's Aff. in

6

Opp'n Ex. 12 at 5.)  And now, in his habeas petition, Hall brings an ineffective assistance of trial counsel claim with essentially the same allegations from his Section 330.30 motion to set aside the judgment.  These allegations include that trial counsel's strategy decisions served his interests instead of Hall's, that those strategy decisions confused the jury, and that trial counsel "fail[ed] to raise certain arguments, fail[ed] to preserve certain issues, and fail[ed] to subpeona [sic] exculpatory witnesses and evidence that was crucial to the defense."  (Resp't's Aff. in Opp'n Ex. 3 at 6; s*ee* Petition Ex. I at 4-8 (highlighting identical grounds and stating that "this is a fraction of the trial counsels [sic] ineffectiveness.").)

Judge Ellis found the claim "procedurally defaulted" because, having not raised the claim on direct appeal or in his original Section 440.10 motion, Hall is now precluded from raising it again, including in a second collateral motion under Section 440.10.  (Report at 9); *see also* N.Y. Crim. Proc. Law § 440.10(3)(c) ("Notwithstanding the provisions of subdivision one, the court may deny a motion to vacate a judgment when . . . [u]pon a previous motion made pursuant to this section, the defendant was in a position adequately to raise the ground or issue underlying the present motion but did not do so.").  But Section 440.10(3) is a "permissive procedural bar," *People v. Graves*, No. 687-85, 2005 WL 1422152, at *2 (N.Y. Sup. Ct. June 17, 2005), that allows a court to consider and grant a subsequent Section 440.10 motion raising an issue not previously argued when doing so is "in the interest of justice and for good cause."  N.Y. Crim. Proc. Law § 440.10(3).  In addition, in New York, "some ineffective assistance claims are not demonstrable on the main record and are more appropriate for collateral or post-conviction attack, which can develop the necessary record."  *Sweet v. Bennett*, 353 F.3d

135, 139 (2d Cir. 2003) (internal quotation marks omitted).  Particularly, ineffective assistance claims that "involve matters outside the record concerning counsel's strategic decisions" are "unreviewable on direct appeal."  *People v. Valdez*, 69 A.D.3d 452, 453 (N.Y. App. Div. 2010).  Here, the state trial court noted explicitly when ruling on Hall's Section 330.30 motion that Hall's ineffective assistance claim involved matters beyond the scope of the trial record.  (Resp't's Aff. in Opp'n Ex. 5, at 4 (noting that "defendant's claims *de hors* the record . . . are not subject to" a Section 330.30 motion).)  Accordingly, Hall's failure to raise the claim on direct appeal would not bar review of the claim in a collateral motion pursuant to Section 440.10.  *Cf. Sweet*, 353 F.3d at 139.  And because Section 440.10(3) is a permissive, rather than mandatory, bar to raising claims, Hall might be able to present the claim on a second Section 440.10 motion; i.e. Hall is not procedurally barred from raising the claim in state court.  *Cf. Spence*, 219 F.3d at 170.  Therefore Hall's ineffective assistance of counsel claim appears not to be exhausted and the Court cannot consider it in this habeas petition.[2]  *See id.* ("[Petitioner's] claim was not exhausted," which "preclude[s] habeas corpus review."); *Affser v. Murray*, No. 04 CV 2715, 2008 WL 2909367, at *4 (E.D.N.Y. July 28, 2008) (claims neither exhausted in state court nor procedurally defaulted where petitioner could raise them "in yet another motion to vacate, and under § 440.10(3)(c) the state court could, in its discretion, review

---

[2] Assuming, in the alternative, that the ineffective assistance of counsel claim were procedurally defaulted in New York and therefore deemed exhausted for purposes of this petition, Hall's claim would still fail.  As Judge Ellis correctly found, Hall has failed to show, as is required for claims deemed exhausted due to state law procedural bars, "cause for the default" or that "failure to consider the claim[] will result in a fundamental miscarriage of justice."  (Report at 9-10); *see Coleman v. Thompson*, 501 U.S. 722, 750 (1991).

the claims on their merits despite petitioner's failure to assert them in his previous motion to vacate.").³

Finally, Hall argues that his *coram nobis* writ of error exhausted his ineffective assistance of trial counsel claim. (Pet'r's Objection at 3 ("The magistrate court's assertion that [the ineffective assistance of trial counsel claim] was'nt [sic] properly exhausted is purely fabrication. Ineffective Assistance of Counsel was preserved via . . . Writ of Error Coram Nobis.").) But Hall is incorrect; the writ alleged ineffective assistance of appellate counsel, and, as the Second Circuit has noted, that claim is separate from the underlying claim regarding which appellate counsel was allegedly deficient. *Jones v. Senkowski*, 42 F. App'x 485, 487 (2d Cir. 2002) ("a claim of ineffective assistance of appellate counsel is 'distinct' from the claim whose omission indicates such ineffectiveness."). As such, Halls motion for a writ of error *coram nobis* did not raise, and thus could not have exhausted, any claim for ineffective assistance of trial counsel.

**Merits Issues**

Although the Court concludes that Hall's ineffective assistance claim is unexhausted, it still has discretion to rule on the claim's merits. *See* 28 U.S.C. § 2254(b)(2); *see also Bonilla v. Portuondo*, No. 00 Civ. 2369, 2004 WL 350694, at *15-16 (S.D.N.Y. Feb. 26, 2004) (finding claim unexhausted yet continuing to consider claim's merits and deny habeas petition); *Affser*, 2008 WL 2909367, at *4-5 (same). Hall's claim

---

³ Though he did not do so, Hall's Section 440.10 motion did say that Hall planned to make an ineffective assistance claim on direct appeal. (Resp't's Aff. in Opp'n Ex. 6 at 6.) Given this admission, a state court would likely deny the claim on a second Section 440.10 motion because Hall clearly knew of the issue at the time he made his first motion. *See* N.Y. Crim. Proc. Law § 440.10(3)(c). Despite that likelihood, however, that outcome is not guaranteed and it is one for the state court to make.

fails on the merits under the Supreme Court's two-pronged test for ineffective assistance of counsel formulated in *Strickland v. Washington*, 466 U.S. 668 (1984). *Strickland* requires a petitioner to show both that his attorney's performance was (1) deficient, and (2) prejudicial. *Morales v. United States*, ___ F.3d ___, 2011 WL 832907, at *3 (2d Cir. Mar. 11, 2011) (citing *Strickland*, 466 U.S. at 688, 692-93). "An attorney's representation is deficient when it falls 'below an objective standard of reasonableness,' as determined by reference to 'prevailing professional norms.' Such performance is prejudicial when it is so poor as to 'undermine confidence in the outcome' of the proceedings—that is, it gives rise to 'a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.'" *Id*. (citing *Strickland*, 466 U.S. at 688, 694).

The thrust of Hall's petition is that trial counsel's "conflicting strategies was [sic] extremely catastrophic to his defense." (Petition Ex. I at 7.)[4] Hall alleges that trial counsel "elected a justification defense," which ignored the fact that a government witness was the actual shooter and that the government had coerced that witness into lying and saying that Hall was the shooter. (*Id*. at 6-7.) He further alleges that this defense "embedd[ed] an impression, tainting the minds of the jury," that Hall was, in fact, the shooter. (*Id*. at 7.) Hall does not, however, indicate what alternative strategy trial counsel should have pursued, or how the "justification" strategy "conflict[ed]" with any other strategy.

---

[4] Hall also alleges that trial counsel failed to examine certain witnesses, pursue certain arguments, or preserve certain issues—"things [that] are not [presently] a matter of record." (*See* Petition Ex. I at 4-6.) The Court finds a merits determination of these issues inappropriate at present as (1) they are vague and conclusory; and (2) concededly concern matters outside the scope of the record. In any event, they would likely lack merit. *See Stevens v. United States*, No. 09 Civ. 4098, 2010 WL 3447900, at *4 (S.D.N.Y. Sept. 1, 2010) (noting that manner and scope of cross-examination, whether to object to certain evidence or testimony, and whether to call certain witnesses are tactical decisions that usually "will not constitute a basis for an ineffective assistance claim," and collecting cases).

Preliminarily, the New York Supreme Court ruling on Hall's Section 330.30 motion stated that trial counsel "was exceptionally competent and professional . . . and had thoroughly plotted out . . . a well-thought out strategy." (Resp't's Aff. in Opp'n Ex. 5 at 3.)  More importantly, "the decision whether to pursue a particular defense is a tactical choice which does not rise to the level of a constitutional violation and the habeas court will not second-guess trial strategy simply because the chosen strategy has failed." *Clanton v. Rivera*, No. 06 Civ. 4756, 2010 WL 1685414, at *4 (S.D.N.Y. Apr. 22, 2010); *see also Delatorres v. Lempke*, No. 08-CV-183, 2011 WL 1198565, at *3 (W.D.N.Y. Mar. 29, 2011) (attorney whose trial strategy failed, and "who forgoes other potentially successful strategies is not constitutionally ineffective on that ground"); *People v. Baldi*, 429 N.E.2d 400, 401 (N.Y. 1981) ("An attorney who presents a well-grounded but unsuccessful defense will not later be held to have provided ineffective assistance of counsel, and thus a defendant will not be entitled to a vacatur of his conviction on such basis.").  In addition, nothing in Hall's argument indicates that trial counsel's pursuit of strategies—unspecified—other than "justification" would have led the jury to return a different verdict as required by *Strickland*; indeed Hall's argument assumes that the jury ascribed greater weight to his counsel's strategic decisions than the prosecutor's presentation of the evidence, an assumption the Court cannot blindly join.  Thus, though the Court need not even consider the merits of the claim, the Court nevertheless finds that trial counsel was not ineffective for pursuing the trial strategy he did.

**Second Objection: Evidence Obtained from an Unlawful Arrest**

Hall first challenged the circumstances surrounding his arrest in his pretrial motion to suppress evidence filed by his trial counsel. (*See* Resp't's Aff. in Opp'n Ex. 1 ¶ 13 (arguing that the "arrest was without probable cause," and so subsequent statements by Hall should be deemed "inadmissible as fruit of the poisonous tree.").) The trial court considered the issue at a hearing and, on December 16, 1999, denied Hall's motion to suppress in its entirety. (Resp't's Aff. in Opp'n Ex. 2 at 1-3.) Hall again raised the issue in his Section 330.30 motion; and the trial court again rejected the claim. (Resp't's Aff. in Opp'n Exs. 3 at 3; 5 at 1.) Judge Ellis's Report concluded that New York had provided Hall a full and fair opportunity to litigate the issue—a Fourth Amendment claim based on evidence allegedly obtained unlawfully—which precluded federal habeas review. (Report at 12 (citing *Stone v. Powell*, 428 U.S. 465, 494 (1976)).) Hall, attempting to keep this argument live, now argues that the Report "misunderstood or misconstrued" his claim, and that the claim was actually that trial counsel was ineffective in failing to raise the issue. (Pet'r's Objection at 2.)

As explained, *supra*, however, Hall's ineffective assistance of counsel claim is unexhausted, which precludes the Court's consideration of it. Alternatively, Hall's objection fails to the extent that he argues that Judge Ellis erred in analyzing the Fourth Amendment claim. In his objection, Hall argues only that the claim was preserved, (*id.*); he does not argue, as he must under *Stone*, that he was denied a full and fair opportunity to litigate the claim in state court. Moreover, from every indication, Hall had such an opportunity, including several rounds of motion practice and a *Huntley/Mapp* hearing. At that hearing, the state court denied Hall's motion to suppress evidence on Fourth

Amendment grounds, and, given the adequacy of that procedure, the Court cannot re-adjudicate the issue.  *Crispino v. Allard*, 378 F. Supp. 2d 393, 413-14 (S.D.N.Y. 2005) ("It has long been acknowledged that New York provides adequate procedures for litigating Fourth Amendment claims. . . . Because [petitioner] had a full and fair opportunity to litigate his Fourth Amendment claim in state court, he is not entitled to habeas review of this claim.").

**Third Objection: Insufficient Evidence for Conviction of Second Degree Murder**

Hall argues that the trial record did not support a finding of guilt for second degree (depraved indifference) murder beyond a reasonable doubt.  (Pet'r's Objection at 2.)  On habeas review, a federal court must consider whether, viewing "the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt."  *Jackson v. Virginia*, 443 U.S. 307, 319 (1979) (emphasis in original).  Habeas relief is warranted only where the state court's decision "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."  28 U.S.C. § 2254(d)(2).  A state court's "determination of a factual issue . . . shall be presumed to be correct" unless rebutted "by clear and convincing evidence."  28 U.S.C. § 2254(e)(1).  Thus, a petitioner challenging the sufficiency of the evidence bears a "very heavy burden."  *Ponnapula v. Spitzer*, 297 F.3d 172, 179 (2d Cir. 2002).

Under New York law, a person can be convicted of second degree murder where, "[u]nder circumstances evincing a depraved indifference to human life, he recklessly engages in conduct which creates a grave risk of death to another person, and thereby

13

causes the death of another person . . . ." N.Y. Penal Law § 125.25(2). One acts recklessly concerning a result "when he is aware of and consciously disregards a substantial and unjustifiable risk that such result will occur or that such circumstance exists." N.Y. Penal Law § 15.05(3). "The risk must be of such nature and degree that disregard thereof constitutes a gross deviation from the standard of conduct that a reasonable person would observe in the situation." *Id*.

Hall seems to dispute the sufficiency of the State's evidence to prove the *mens rea* element of depraved indifference murder. In New York, one cannot be convicted of both second degree (depraved indifference) murder and first degree (intentional) murder because a person cannot act intentionally and at the same time recklessly in killing another person. *People v. Gallagher*, 508 N.E.2d 909, 910 (N.Y. 1987). Under the standard that governs Hall's case, depraved indifference "refers to neither the *mens rea* nor the *actus reus*" of the crime; instead it describes "the factual setting in which the risk creating conduct must occur." *People v. Register*, 457 N.E.2d 704, 707 (N.Y. 1983), *overruled by People v. Feingold*, 852 N.E.2d 1163 (N.Y. 2006). "Objective circumstances of exceptionally high, unjustified risk of death" differentiate recklessness sufficient to convict a person of manslaughter from recklessness sufficient to convict a person of depraved indifference murder. *See People v. Sanchez*, 777 N.E.2d 204, 207-08 (N.Y. 2002), *overruled by Feingold*, 852 N.E.2d 1163.[5]

---

[5] In *People v. Feingold*, the New York Court of Appeals overruled *Register*'s holding that the *mens rea* for depraved indifference murder is recklessness and held that "depraved indifference to human life" is itself a culpable mental state that must be proved beyond a reasonable doubt. 852 N.E.2d at 1167-68. However, in *Policano v. Herbert*, 859 N.E.2d 484 (N.Y. 2006), that court held that *Feingold* would not apply retroactively to convictions that had become final prior to *Feingold*. 859 N.E.2d at 494. Because Hall's conviction became final in late 2003, well prior to *Feingold* which was decided in 2006, the *Register-Sanchez* line of cases guides the Court's analysis.

14

Hall's habeas petition contends that, because the State's evidence showed that Hall shot Edmund in the stomach at close range, a rational trier of fact could only have convicted Hall for intentional murder—not for reckless killing with depraved indifference to human life.  The Court disagrees.  That the shot was first at close range does not prove intent to kill.  Indeed, in *Sanchez*, the Court of Appeals affirmed defendant's conviction for depraved indifference murder when defendant fired the murder weapon from "12-18 inches from [the victim's] chest."  777 N.E.2d at 205.  Here, as in *Sanchez*, the shooting could have been "instantaneous," or "impulsive," "perhaps to disable or frighten [Edmund] rather than to kill him."  *See id*. at 206.  "Thus a jury reasonably could have found that defendant's homicidal level of mental culpability was reckless rather than intentional."  *Id*.  Indeed, as Judge Ellis's Report noted, Hall said he did not intend to kill Edmund but only to scare him in his videotaped statement.  (Report at 15-16.)  Accordingly, a rational jury could reasonably have concluded that Hall merely disregarded the risk to Edmund's life, rather than that he actually intended to kill him.

## CONCLUSION

Hall also objects "to the recommendation in it's [sic] entire."  (Pet'r's Objection at 1.)  "This objection is the sort of general objection that the Court reviews for clear error."  *Watkins v. Artus*, No. 08 Civ. 5891, 2010 WL 5060883, at *1 (S.D.N.Y. Dec. 8, 2010.)  After careful consideration of the remainder of the Report, that Court finds no error.  Therefore the Court adopts the Report in accordance with this opinion.  Hall's petition for a writ of habeas corpus is denied with prejudice.  The Clerk of the Court is directed to close this case.

SO ORDERED

Dated: New York, New York
April 14, 2011

_____
Richard J. Holwell
United States District Judge